IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-31087 |
| | § | |
| MAGELLAN E & P HOLDINGS, INC., | § § § | |
| | § | |
| Debtor. | § | CHAPTER 7 |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION, EFFECTIVE AS OF MARCH 30, 2021, OF ANY LEASE WITH REGUS AND (II) GRANTING RELATED RELIEF**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN <u>21 DAYS</u> OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASES ON <u>EXHIBIT 1</u> TO THE ORDER TO DETERMINE IF THIS MOTION AFFECTS THEIR LEASE OR THEIR RIGHTS THEREUNDER.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:**

Ronald J. Sommers, Chapter 7 Trustee for the Estate of Magellan E & P Holdings, Inc. (the "Trustee") respectfully states the following in support of this motion:

### Relief Requested

1. Trustee seeks entry of an order, substantially in the form attached hereto (the "Order"): (a) authorizing the Trustee to reject any lease with Regus Management Group, LLC ("Regus") identified on **Exhibit 1** to the Order, effective as of March 30, 2021, and (b) granting related relief. In support of this motion, the Trustee submits the *Declaration of Ron Sommers, Trustee* attached hereto as **Exhibit A**.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 365 of the Bankruptcy Code, Bankruptcy Rules 6006 and 9014, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Potential Regus Lease

5. The debtor's Schedule G lists two unexpired leases with Regus, as landlord. [Doc. 21 at 1]. Debtor's counsel has forwarded to the Trustee an email from Regus to the debtor's principal, Richard Madubunyi, stating "We are please to inform you that your office agreement will renew automatically on May 1, 2021 for the term August 1, 2021 until August 31, 2022." The Trustee is skeptical that a lease can automatically renew after bankruptcy has been filed, but he is filing this motion to reject the leases, if any, with Regus, out of an abundance of caution.

## Basis for Relief

6. The debtor is in liquidation. The debtor's only well has been plugged and abandoned and the lease on which that well was drilled is expired. The debtor's estate has no need of any office space. The leases are unnecessary and burdensome to the estate and should be rejected.

7. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may …reject any executory contract or unexpired lease of the debtor." 11 U.S.C. §365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been

3

completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor-in-possession to renounce title to and abandon burdensome property).

8. A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected… is one of business judgment.'" (quoting *Grp. of Institutional Inv'rs v. Chicago, M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, or of whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) *citing Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849-50 (Bankr. W.D. Pa. 1987).

9. Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action

4

will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098-99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

10.   Rejection is well within the Trustee's business judgment and is in the best interest of the estate. Absent rejection, the Regus leases may impose ongoing obligations on the debtor's estate with no corresponding benefit.

11.   Under sections 105(a) and 365(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case. *See, e.g., In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores,*

*Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

12.  Any leases with Regus should be rejected as of the bankruptcy petition date, March 30, 2021, because the Trustee and the debtor's estate have no use or need of them.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

13.  The Trustee requests that the Court order that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a), if applicable, and that the Trustee has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Notice

14.  This motion is being served upon (a) the United States Trustee for the Southern District of Texas, (b) Regus Management Group, LLC, (c) any party that has requested notice under Bankruptcy Rule 2002, (d) the amended list of creditors [Doc. 25] and mailing matrix (**Exhibit B**), and (e) all parties required to be noticed under Bankruptcy Local Rule 9013-1(d).

### **Prayer**

WHEREFORE, PREMISES CONSIDERED, Ronald J. Sommers, Chapter 7 Trustee for the Estate of Magellan E & P Holdings, Inc., requests that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,

    SPENCE, DESENBERG & LEE, PLLC

    By: */s/ Ross Spence*
    Ross Spence
    State Bar No. 18918400
    Email: ross@sdllaw.com
    Henry W. Knight
    State Bar No. 24116628
    Email: henry@sdllaw.com
    1770 St. James Place, Suite 625
    Houston, TX 77056
    (713) 275-8474 – Spence Direct Dial
    (713) 275-8443 – Knight Direct Dial
    (713) 275-8440 – Main Telephone
    (713) 201-0878 – Cell
    (713) 275-8445 – Fax

    **ATTORNEYS FOR**
    **RONALD J. SOMMERS, TRUSTEE**

BANKRUPTCY RULE 9034 CERTIFICATE OF SERVICE
UPON UNITED STATES TRUSTEE

I hereby certify that, pursuant to Bankruptcy Rule 9034, this instrument was served upon the United States Trustee via the court's CM/ECF system and first-class mail, postage prepaid to 515 Rusk Ave., #3516, Houston, TX 77002, on the 13th day of April 2021.

*/s/ Ross Spence*
Ross Spence

CERTIFICATE OF SERVICE

I certify that on the 13th day of April 2021, a true and correct copy of the foregoing document, was duly served as follows:

(i) Electronically to all persons who have entered an appearance in this case by means of the Court's CM/ECF System; and

(ii) Via First Class Mail, properly addressed and postage prepaid, upon all parties listed on the attached Amended List of Creditors [Doc. 25] and the attached mailing matrix (both of which are in **Exhibit B**); and

(iii) Via First Class Mail:
Regus Management Group, LLC
15305 Dallas Pkwy Ste. 1400
Addison, TX 75001-6773

*/s/ Ross Spence*
Ross Spence