IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-31087 |
| | § | |
| MAGELLAN E & P HOLDINGS, INC., | § § § | |
| | § | |
| Debtor. | § | CHAPTER 7 |
| | § | |
| RONALD J. SOMMERS, TRUSTEE | § § | |
| Plaintiff, | § § | ADV. PROC. NO. |
| v. | § § | |
| AMERICAN EAGLE LOGISTICS, LLC | § § | |
| Defendant. | § § | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Ronald J. Sommers, Chapter 7 Trustee ("Trustee") for the Estate of Magellan E & P Holdings, Inc. ("Estate"), files this complaint (the "Complaint") to (i) avoid and recover preferential transfers made by Magellan E &P Holdings, Inc. ("Debtor") to or for the benefit of American Eagle Logistics, LLC ("Defendant") pursuant to sections 547 and 550 of title 11 of the United States Code ("Bankruptcy Code"), and (ii) disallow Defendant's claims in the above-captioned bankruptcy cases pursuant to 11 U.S.C. §502, and in support thereof, respectfully represent as follows:

**NATURE OF THE PROCEEDING**

1.      The Trustee on behalf of the Estate seeks entry of a judgment against Defendant: (i) avoiding the Preferential Transfers (as defined herein) pursuant to Section 547 of the Bankruptcy Code; (ii) directing Defendant to pay Estate an amount to be determined at trial that is not less than the amount of the Transfers (as defined herein), plus interests and costs, pursuant to Section 550(a)

1

of the Bankruptcy Code; and (iii) pending such payment, disallowing any claim Defendant may assert against the Estate, pursuant to Section 502(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. This adversary proceeding relates to the Chapter 7 case of Debtor, which case is pending the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), under Case No. 21-31087 (the "Bankruptcy Case").

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334(b).

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (F), (H) and (O).

5. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

6. The Estate consents to entry of final orders and judgments by the Court in this adversary proceeding, regardless of whether it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

7. On March 30, 2021 (the "Petition Date"), Debtor filed a voluntary petition in this Court under Chapter 7 of Title 11 of the United States Code, which case is still pending. On March 31, 2021, the Trustee was appointed as Chapter 7 Trustee of the Debtor's Estate.

8. Defendant is a foreign limited liability company that can be served with process by U.S. mail upon its registered agent as follows: American Eagle Logistics, LLC c/o National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX 75201. This adversary proceeding is part of the Trustee's continuing obligation to recover assets for the benefit of the Debtor's Estate.

**FACTUAL BACKGROUND**

9. The Trustee and his professionals have conducted an investigation of the Debtor's books and records and related financial documents for the purpose of determining what claims or causes of action are available to the Estate. Among other things, the Trustee and his professionals analyzed the transfers of the Debtor during the 90-days prior to the bankruptcy filing ("Preference Period").

10. Based on a review of the Debtor's books and records, together with the facts and circumstances surrounding the filing of the Bankruptcy Case, the Trustee alleges, on information and belief, that during the Preference Period and for many years prior to the Petition Date, the Debtor was insolvent.

11. The Debtor's books and records reflect that Debtor transferred money to Defendant during the Preference Period, which transfers are identified on **Exhibit A** attached hereto and incorporated herein by reference (collectively, the "Preferential Transfers") and that, on information and belief, there are no §547(c) defenses thereto.

**CLAIMS FOR RELIEF**

**COUNT 1**
**(Avoidance of Preferential Transfers from Debtor to Defendant Pursuant to 11 U.S.C. § 547(b))**

12. The Trustee repeats and realleges all allegations contained in paragraph 1 through 11 above as if fully set forth herein.

13. During the Preference Period, Debtor made, or caused to be made, transfers of an interest of Debtor in property to, or for the benefit of, Defendant, which transfers are listed on **Exhibit A**.

14. Debtor made, or caused to be made, the Preferential Transfers on account of antecedent debt owed by Debtor to Defendant.

15. At the time of the Preferential Transfers, Debtor was insolvent.

16. Plaintiff is also entitled to the presumption of insolvency pursuant to Section 547(f) of the Bankruptcy Code.

17. The Preferential Transfers enabled Defendant to receive more than Defendant would receive if: (a) Debtor's bankruptcy case was administered under chapter 7 of the Bankruptcy Code; (b) the Preferential Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

18. At no time relevant hereto did Defendant maintain a lien on Debtor's assets or otherwise hold a secured interest. Alternatively, any lien had no value.

19. The Preferential Transfers diminished the value of Debtor's bankruptcy estate.

20. Defendant was the initial transferee of the Preferential Transfers, or the entity for whose benefit the Preferential Transfers were made.

21. The Preferential Transfers are avoidable and the Estate is entitled to a judgment against the Defendant avoiding the Preferential Transfers pursuant to 11 U.S.C. §547(b).

**WHEREFORE,** the Trustee respectfully requests this Court enter a judgment against the Defendant: (i) finding that the Preferential Transfers are preferential and therefore avoidable pursuant to 11 U.S.C. §547(b); (ii) avoiding the Preferential Transfers; (iii) and granting any other and further relief as the Court determines is just and appropriate under the circumstances.

## COUNT II
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a))

22. The Trustee repeats and realleges all allegations contained in paragraph 1 through 21 above as if fully set forth herein.

23. The Trustee is entitled to avoid the Preferential Transfers pursuant to Section 547 of the Bankruptcy Code.

24. Defendant was the initial transferee of the Preferential Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Preferential Transfers were made. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover from Defendant an amount to be determined at trial that is no less than the total amount of the Preferential Transfers, plus interest thereon to the date of payment.

**WHEREFORE,** the Trustee respectfully requests this Court to enter a judgment against the Defendant: (i) allowing the Trustee to recover from Defendant ONE HUNDRED EIGHTY NINE THOUSAND NINE HUNDRED SEVENTEEN DOLLARS AND Sixty Five Cents ($189,917.65), which equals the full value of the Preferential Transfers, for the benefit of the Estate; (ii) awarding pre-judgment and post-judgment interest on the Preferential Transfers at the maximum legal rate; and (iii) granting any other and further relief as the Court determines is just and appropriate under the circumstances.

## COUNT III
**(Disallowance of Any Claim of Defendant Pursuant to 11 U.S.C. § 502(d))**

25. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

26. To the extent the Defendant now or hereafter files a proof of claim or is identified as a claimant holding a claim on Debtor's schedules or has otherwise requested payment from Debtor's estate, Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

27. Defendant was the initial transferee of the Preferential Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Preferential Transfers were made.

28. Defendant has not paid the Estate the amount of the Preferential Transfers, or turned over such property to the Estate, for which Defendant is liable under Section 550 of the Bankruptcy Code.

29. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee, against the Estate, including any 502(h) claim, must be disallowed until such time as Defendant pays to the Estate all amounts sought herein.

**WHEREFORE,** the Trustee respectfully requests this Court enter a judgment against the Defendant disallowing any and all claims of Defendant pursuant to Section 502(d) of the Bankruptcy Code and otherwise, and grant any other and further relief as the Court determines is just and appropriate under the circumstances.

## **RESERVATION OF RIGHTS**

30. The Trustee reserves the right to bring all other claims or causes of action that the Estate may have against the Defendant, on any and all grounds, as allowed under the Bankruptcy Code, or applicable law, or in equity.

31. This Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to the claims of the Defendant for any reason.

32. The Trustee reserves the right to amend this Complaint as new information becomes known to the Trustee at any time during the adversary proceeding, through formal discovery or otherwise, to include such information and/or assertions with respect to the Preferential Transfers or additional transfers if found to the Defendant; revise Defendant's name; add additional defendants and/or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. §§ 542, 544, 547, 548 and 550, (collectively, the "Amendments"), and that any and all such Amendments relate back to the date of this Complaint.

**WHEREFORE,** the Trustee respectfully requests that the Court enter judgment against Defendant:

(a) Avoiding and recovering Preferential Transfers pursuant to 11 U.S.C. §§ 547 and 550;

(b) Granting judgment in favor of the Trustee and directing Defendant to pay the Estate an amount to be determined at trial that is no less than the amount of the Preferential Transfers, plus interest, pursuant to 11 U.S.C. § 550;

(c) Disallowing all claims of Defendant pursuant to 11 U.S.C. § 502(d);

(d) Awarding costs of court;

(e) Awarding pre-judgment and post-judgment interest at the maximum legal rate; and

(f) Granting any other and further relief that is appropriate under the circumstances.

Date: June 17, 2022

SPENCE, DESENBERG & LEE, PLLC

By: /s/ *Ross Spence*
Ross Spence
State Bar No. 18918400
Email: ross@sdllaw.com
1770 St. James Place, Suite 625
Houston, TX 77056
(713) 275-8474 – Spence Direct Dial
(713) 275-8440 – Main Telephone
(713) 275-8445 – Fax

**ATTORNEY FOR
RONALD J. SOMMERS, TRUSTEE**