IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| MAGELLAN E&P HOLDINGS, INC. | § | CASE NO. 21-31087 (JPN) |
| | § | |
| Debtors | § | |

### OBJECTION TO APPLICATION TO EMPLOY HARNEY PARTNERS AND KAREN NICOLAOU AS CPA AND EXPERT WITNESS
[RELATED TO DOC. 238]

Comes now, Boniface Madubunyi, a creditor and party in interest, and files this Objection to Trustee's Application to Employ Harney Partners and Karen Nicolaou, CPA (the "Applicant"), as Expert Witness (the "Application"), and would respectfully show as follows:

### BASIS FOR OBJECTION

1. The Application seeks to retain the proposed "expert" to perform functions and duties that are duplicative of services provided by William West, CPA, that the bankruptcy estate has already paid for.[1]

The Application states that the Applicant is being retained for the foregoing reason:

> "It will be necessary to obtain expert accounting analysis and testimony to prove certain preference and fraudulent transfer elements and to negate certain affirmative defenses. Harney Partners and Karen Nicolaou are being engaged to review the documents in this case and other information and provide opinions relating to the foregoing matters."

See Application at ¶ 4.

2. Contrary to the statement in the Application, the services are duplicative of charges incurred by William West CPA, and which have already been paid by the estate. For example,

---

[1] See Order Granting Fee Application for William G. West, CPA, P.C., entered on November 4, 2022 at Doc. 233.

William West's affidavit in support of the lawsuit against Mr. Boniface Madubunyi states:

> "I and my firm also examined the balance sheets of the Debtor from 2005 through 2020. We determined and shared with the Trustee and his counsel that the Debtor was insolvent from its inception in 2005 all the way through the date of the bankruptcy in March 2021."

See Amended Complaint in Adversary No., 22-03260 at 20-4 at ¶6.

3. Moreover, West's Fee Application contains multiple entries related to his performance of "preference analysis", preference research", "547/548 targets". Here, the Applicant apparently intends on and investing the same claims and defenses that have already been provided to the Trustee. Accordingly, the services of the Applicant are duplicative and unnecessary and should not be approved. Moreover, the Application represents the third financial advisory firm retained by the Trustee related to common preference litigation. Such excessive and duplicative professional fees are not reasonable and are not in the best interest of the creditors and the estate.

Dated: December 30, 2022

Respectfully submitted,

ANDREWS MYERS P.C.

/s /T. Josh Judd
Edward L. Ripley
SBN: 16935950
T. Josh Judd
SBN: 24036866
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
eripley@andrewsmyers.com
jjudd@andrewsmyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2022, a true and correct copy of the foregoing Objection was served via the Court's Electronic Notification System on all parties entitled to such notice.

By: */s/T. Josh Judd*
T. Josh Judd