IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-31087 |
| | § | |
| MAGELLAN E & P HOLDINGS, INC., | § § § | |
| | § | |
| Debtor. | § § | CHAPTER 7 |

### FIRST AND FINAL FEE APPLICATION OF
### W. MARC SCHWARTZ AND THE FIRM OF SCHWARTZ ASSOCIATES, LLC

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

AN ORAL HEARING HAS BEEN SET ON THIS MATTER ON MAY 3, 2023, AT 1:30 P.M. BOTH IN PERSON AT 515 RUSK, HOUSTON, TX 77002 (COURTROOM 403) AND, ALTERNATIVELY, VIA AUDIO AND VIDEO PARTICIPATION. FOR AUDIO, PLEASE CALL 832.917.1510 AND ENTER CONFERENCE CODE 174086. VIDEO PARTICIPATION IS THROUGH GO TO MEETING AS FOLLOWS: HTTPS://WWW.GOTOMEET.ME/JUDGENORMAN

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

## SUMMARY OF FEE APPLICATION

| Name of Applicant | W. Marc Schwartz and the Firm Schwartz Associates, LLC |
|---|---|
| Applicant's professional role in case | **Expert Witness** |
| Indicate whether this is an interim or a final application | **Final** |
| Effective date of Order approving professional's retention | **March 25, 2022** |
| Total amounts awarded in all prior applications | $0 |
| Amount of retainer received in this case | $25,000.00 |
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied) | $35,997.24 |
| Total fees applied for in this application (including any retainer amounts applied or to be applied) | $35,997.24 |
| Total professional fees requested in this application | $35,997.24 |
| Total professional hours covered by this application | 90.8 |
| Average hourly rate for professionals | $396.44 |
| Reimbursable expenses sought in this application | $1.40 |

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATED BANKRUPTCY JUDGE:**

W. Marc Schwartz and the Firm of Schwartz Associates, LLC (collectively "Schwartz"), as an Expert Witness to Ronald J. Sommers, trustee for the Estate of Magellan E & P Holdings, Inc., ("Trustee"), files this First And Final Application for Compensation and Reimbursement of Expenses for the period February 24, 2022 through March 31, 2023 ("Application") and shows as follows.

### Summary of Relief Requested

1. Schwartz seeks an order approving the amount of professional fees and expenses incurred from February 24, 2022 through March 31, 2023.

### Jurisdiction and Venue

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Application are Sections 327-331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014, 2016, and 9014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy

2

Rule 2016, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 and adopted on June 11, 2013.

### Background

4. This case was filed by the debtor, Magellan E & P Holdings, Inc. on March 30, 2021.

5. Ronald J. Sommers ("Trustee") was appointed as trustee for the Estate of Magellan E & P Holdings, Inc., on March 30, 2021.

6. The Application to Employ W. Marc Schwartz, CPA as an Expert Witness ("Schwartz") as the Trustee's expert witness was filed on February 28, 2022. [ECF 137]. On March 25, 2022, the Court issued an Order granting the Application to Employ W. Marc Schwartz, CPA, nunc pro tunc to February 24, 2022. [ECF 140].

7. In the Order approving retention of Schwartz, the Court approved the Engagement Agreement attached to the Application as Exhibit B and executed by W. Marc Schwartz. S*ee* [ECF 137-2] (re-attached hereto as **Exhibit A**). The Engagement Agreement was approved under 11 U.S.C. § 327. The billing rates sought in this Fee Application are within the rates set forth in the employment Application.

8. Since February 24, 2022, Schwartz has pursued an analysis of debtor records and other materials to determine if factors the courts use to determine if a loan is actually equity are met in the case of Boniface Madubunyi. Madubunyi is an insider of the Debtor. He is the 99% owner of the Debtor and its Chairman.

9. Madubunyi filed proof of claim no. 12 in this case as a secured claim in the amount of $120,223,554.70. Madubunyi attached a loan agreement, credit agreement, promissory note, convertible promissory note, and mortgage, deed of trust, assignment of production and financing statement supporting that claim. The Debtor also scheduled Madubunyi as having a secured claim of $113,600,000.00.

10. The Trustee filed Adversary Proceeding No. 22-03260 against Madubunyi to object to

and seek disallowance of proof of claim no. 12 and any other claim Madubunyi may have against the Debtor's estate, and to recharacterize the alleged Madubunyi debt as equity in the Debtor.

11. Schwartz reached conclusions and prepared a report which was attached to the Trustee's amended complaint against Madubunyi filed in Adversary Proceeding No. 22-03260. The Trustee was able to utilize the Schwartz report in a mediation of the Madubunyi Adversary Proceeding No. 22-03260 before Judge Isgur, and a settlement was reached.

12. The claims of Madubunyi against the estate dwarf the claims of all other creditors by more than 10 to 1. Unless the Trustee was able to prevail against, or settle with, Madubunyi by having his claims disallowed, recharacterized as equity, or greatly reduced, other creditors could not see any significant recovery in this case. Schwartz's services were therefore valuable to the estate at the time the services were rendered. A detailed invoice of the Schwartz fees and expenses is attached hereto as **Exhibit B** and incorporated herein.

13. Schwartz did receive a $25,000 retainer in this case pursuant to Exhibit A and the Court's order approving Schwartz's retention. Schwartz has not yet received any compensation in connection with its role as an expert witness for the Trustee in this case, nor has it filed any previous fee application. This is a Final Fee Application relating to Schwartz's representation as an expert witness to the Trustee.

14. Schwartz submits that this Application complies with Sections 327, 328 and 329-331 of the Bankruptcy Code and other applicable Bankruptcy Code sections, the Bankruptcy Rules, the Local Rules, and the Trustee Guidelines.

15. Consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, Schwartz has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Bankruptcy Case other than what was contemplated and approved by Schwartz's retention application presented to this Court for the services set forth herein. In addition, there is no agreement or understanding between

Schwartz and any other person for fixing or the sharing of fees or other compensation to be received for services rendered to or on behalf of the Trustee in the Bankruptcy Case.

16. Section 330 (a)(1)(B) of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in the Bankruptcy Case. 11 U.S.C. § 330(a)(1)(B). In this case, the reasonable expense of Schwartz incurred in connection with this case is

| Item | Amount |
|---|---|
| Texas Secretary of State UCC Filing Records | 1.40 |
| **TOTAL** | **$1.40** |

Record of such expenditure is attached hereto within **Exhibit B**.

17. Pursuant to § 328 of the Bankruptcy Code, Schwartz was engaged on an hourly fee basis. Section 330(a)(1) of the Bankruptcy Code provides that the Court may award a professional person employed under § 327 or 1103 of the Bankruptcy Code:

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A)-(B). Section 330(a)(3) further provides the following standards for the Court's review of a fee application:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) The time spent on such services;
>
> (B) The rates charged for such services;
>
> (C) Whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D) Whether the services were performed within a reasonable amount of

5

        time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)  With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  Whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A) - (F).

18. Services rendered by a professional are compensable by the estate if those services are "reasonably likely to benefit the estate" at the time they are rendered. *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015). Schwartz's services were reasonably likely to benefit the estate at the time they were rendered and actually have benefitted the estate.

19. Schwartz respectfully submits that it has satisfied the requirements for the allowance of the fees and the reimbursement of the expenses sought herein. Schwartz submits that the services described herein and in Exhibit B hereto were, at the time rendered, necessary for, beneficial to, and in the best interests of the bankruptcy estate, the debtor's creditors, and other parties-in-interest. Schwartz further submits that the compensation requested herein is reasonable in light of the nature, extent and value of the services rendered to the estate. Furthermore, the overall compensation sought by Schwartz, and the rates of Schwartz's billing professionals are reasonable because they are based on or lower than the customary compensation charged by comparably skilled practitioners within and outside the bankruptcy context and in cases other than cases under Title 11. In sum, the services rendered by Schwartz were necessary and beneficial to the bankruptcy estate and all parties-in-interest, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved and the time-sensitive and low-asset nature of this estate, and approval of the compensation requested herein is warranted.

20. <u>Time and Labor Required</u>.  Pursuant to the Court's Order, the services for which

compensation are sought are compensable under an hourly fee arrangement. A detail of the dates such services were rendered and the time expended, together with a description of the services rendered by person and by date is attached in the invoices contained in **Exhibit B**. This information is summarized in the following chart by person:

| Timekeeper | Hours | Avg. Rate | Position | Total Amount Sought |
|---|---|---|---|---|
| W. Marc Schwartz | 24.1 | $690.00 | Expert/Consultant | 16,629.00 |
| W. Marc Schwartz | 1.0 | $415.74 | Expert/Consultant | 415.74 |
| Christian Schwartz | 2.4 | $470.00 | Expert/Consultant | 1,128.00 |
| Priya Salagundla | 48.3 | $280.00 | Associate | 13,524.00 |
| Priya Salagundla | 6.9 | $325.00 | Associate | 2,242.50 |
| Harold Lee | 5.1 | $280.00 | Associate | 1,428.00 |
| Mary English | 3.0 | $210.00 | Analyst | 630.00 |
| **TOTALS** | **90.8** | | | **$35,997.24** |

This provides a weighted average rate per hour of $396.44. The number of hours and the weighted average rate are appropriately multiplied by each other to come up with a lodestar amount owed of $35,997.24 and Applicant submits that this lodestar is reasonable for the necessary work performed during the application period.

21. <u>Experience, Reputation and Ability of Schwartz.</u> Attached as **Exhibit C** is the resume of W. Marc Schwartz, who supervised, directed, or performed all of the services on behalf of Schwartz for which reimbursement is sought.

## Prayer

WHEREFORE, PREMISES CONSIDERED, W. Marc Schwartz, CPA and his firm Schwartz Associates, LLC, as expert witness for Ronald J. Sommers, trustee for the Estate of Magellan E & P Holdings, Inc., respectfully requests that the Court enter an order (i) allowing compensation for professional services rendered by Schwartz to and on behalf of the Trustee during the period February 24, 2022 through March 31, 2023 ("Application Period") in the amount of $35,997.24; allowing reimbursement of Schwartz's actual and necessary expenses in the amount of $1.40 incurred during the Application Period; (ii) authorizing and directing the Trustee to pay Schwartz the aggregate

sum of $10,998.64 and allow Schwartz to apply the $25,000 retainer Schwartz is holding for all of the services rendered and expenses incurred by Schwartz in this case; and (iii) granting such other and further relief to which the Trustee and Schwartz are justly entitled.

Dated:  April 3, 2023				SPENCE, DESENBERG & LEE, PLLC

							By:	*/s/ Ross Spence*
								Ross Spence
								SBN 18918400
								ross@sdllaw.com
								Justin W. Safady
								SBN 24098914
								justin@sdllaw.com
								1770 Saint James Place, Suite 625
								Houston, TX  77056
								(713) 275-8440 Main
								(713) 275-8445 Fax

							**Counsel for Ronald J. Sommers,
							Chapter 7 Trustee**

## CERTIFICATE OF SERVICE

I certify that on the 3 of April, 2023, a true and correct copy of the above and foregoing document was served upon all parties via the Court's electronic case filing system (ECF) and via First Class Mail or email to the parties on the Service List attached hereto as **Exhibit 1**.

						*/s/ Ross Spence*
						Ross Spence

8