United States Bankruptcy Court
Southern District of Texas

**ENTERED**
January 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 21-31087 |
| **MAGELLAN E & P HOLDINGS, INC.,** § | |
| § | |
| Debtor. § | |
| § | |
| § | **CHAPTER 7** |

### ORDER APPROVING IN PART, AND DENYING IN PART
### FIRST AND FINAL FEE APPLICATION

This matter is before the Court on the First and Final Fee Application (ECF No. 339) filed by Karen Nicolaou and HMP Advisory Holdings, LLC d/b/a Harney Partners., for their services as an accounting expert witness to the trustee. The applicant seeks professional fees and expenses under 11 U.S.C. § 330 for services rendered to the trustee. Applicant was employed as an accounting expert witness under 11 U.S.C. §§ 327(a) and 330, and is requesting fees in the amount $94,675.00, and expenses in the amount of $819.81. The applicant has attached time records, which the Court can use to conduct a lodestar analysis. For the following reasons, this application is approved in part, and denied in part.

The Court has an independent duty to review fee applications, notwithstanding the absence of objection by the United States Trustee, creditors, or any other interested party.[1] Pursuant to 11 U.S.C. § 330, the court may award reasonable compensation to a professional person employed under Section 327 of the Bankruptcy Code for the actual and necessary services rendered to an accountant or a financial advisor. An accountant's fee application is subject to the same standards as an attorney's fee application.[2] The applicant carries the burden of establishing the reasonableness of its fees[3] and the application must stand on its own merits.[4] The Court notes the lack of objection to the fee application.

---

[1] *In re Busy Beaver Building Centers*, 19 F.3d 833 (3rd Cir. 1994). *See also In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 n. 1 (9th Cir. 1985); *In re Wilde Horse Enter., Inc.*, 136 B.R. 830, 839-40 (Bankr. C.D. Cal. 1991); 11 U.S.C. § 330(a)(1); Fed. R. Bankr. P. 2016.
[2] *In re Adventist Living Centers, Inc.*, 137 B.R. 692 (Bankr. N.D. Ill. 1991).
[3] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).
[4] *In re Adventist Living Centers, Inc.*, *supra.*, citing *In re Chas. A. Stevens & Co.*, 105 B.R. 866 (Bankr. N.D. Ill. 1989).

The United States Supreme Court has clearly held the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes which provide for such fees.[5] Under a lodestar analysis, compensation is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work.[6] After determining the lodestar fee, this Court may consider, in its discretion, whether the resulting lodestar amount should be adjusted upward or downward to account for factors not considered during the lodestar calculation.[7] In assessing whether an adjustment is appropriate, the Court may consider, among other factors, the twelve *Johnson* factors.[8]

Here, the Court is concerned with the billing of more than one accountant for conferences where both are present. The billing records reflect conferences where one accountant directs another and/or where one accountant merely updates another one.[9] It also appears that there was some duplication of effort in this case.[10] Requests for fees on account of unnecessary or duplicative work are also excessive.[11]

To assess the reasonableness of the requested fees, the Court must review the quantity, type, and complexity of services provided. A proper fee application must list each activity separately. Therefore, it is important that time entries not be vague with respect to time expended on each individual task, and/or are not bundled.[12] This Court will generally not compensate for time that is 'lumped' together in a fee application. The instant fee application contains numerous entries of lumping services together: For example, the entry on 5/10/23 states "Research & analysis re: company and industry financial data." The court is unable to determine how much time was spent on research and how much on analysis. Additionally, counsel bundles time which

---

and *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987).
[5] *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1987) (lodestar method used to calculate fees under Clear Air Act); *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983) (lodestar method used to calculate fees under 42 U.S.C. § 1988).
[6] *Shipes v. Trinity Industries*, 987 F.2d 311 (5th Cir. 1993).
[7] *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 655 (5th Cir.2012).
[8] *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir.1974).
[9] See the entries at 12/13/22, 1/9/23 (3 different accountants billed for the same conference), 2/23/23, and 5/12/23.
[10] See the following entries:8/11/23 "Meet with J. Safady and R. Spence to review exhibits and discuss the trial brief" at 1.60 hours and the next entry "Meet with R. Spence and J. Safady to discuss trial testimony and review exhibits" for 1.70 hours.
[11] *In re Cole*, 18-35182, 2020 WL 4577236 at *13 (Bankr. S.D. Tex. July 2020).
[12] *In re Pettibone*, 74 B.R. at 307; *In re Amatex Corp.*, 70 B.R. 624, 627-628 (Bankr. E.D. Pa. 1985).

includes secretarial tasks, such as file organization, proof reading or uploading. which the Court finds are not billable.

Based on the reasons above, and its review of the lodestar factors, the Court reduces the award for those entries that are insufficiently substantiated, those that were for secretarial tasks and those that were double billed. Accordingly, the Court reduces the requested fees by $1,860.00, for duplication of effort, $300.00 for secretarial work, and 20% of lumped entries totaling $1,161.00, and grants the Application in the amount of $91,354.00 and expenses of $819.81 for a total award of $92,173.81.

**ACCORDINGLY, IT IS ORDERED** that the First and Final Fee Application is approved in part and denied in part. The applicant is awarded $91,354.00 in professional fees, and expenses of $819.81, for a total of $92,173.81 as an administrative claim.  All other requested compensation is denied.

**IT IS FURTHER ORDERED** that the Trustee is authorized to disburse the amount of $92,173.81 to Karen Nicolaou and HMP Advisory Holdings, LLC d/b/a/ Haney Partners.

**IT IS FURTHER ORDERED** that payment of these professional fees and expenses approved herein is subject to the availability of funds in the estate and shall be paid in accordance with the priority scheme in 11 U.S.C. § 726.

SIGNED 01/10/2024

Jeffrey Norman
United States Bankruptcy Judge